# IN THE COURT OF APPEALS OF IOWA

No. 19-0885
Filed August 7, 2019

**IN THE INTEREST OF C.L.,**
**Minor Child,**

**A.M., Mother,**
 Appellant.

_____

 Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

 A mother appeals the termination of her parental rights.  **AFFIRMED.**

 John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant mother.

 Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant Attorney General, for appellee State.

 Meret Thali of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

 Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. The mother contends the State failed to show the child could not be returned to her and termination of her parental rights is not in the child's best interest. We affirm.

## I. Background Facts & Proceedings

A.M. is the mother of C.L., born in 2014. The child's father, R.L., has never been an active part of the child's life.[1]

In January 2017, the mother was reported to the Iowa Department of Human Services (DHS) due to concerns she could not care for the child. The mother began voluntary services. The mother suffers from kidney disease and has been on dialysis since before the child was born. She is at the end stage of renal failure and needs regular dialysis. The mother also has mental-health issues.

The mother receives social security disability payments (SSDI) and is on Medicare and Medicaid for health benefits. She has lived in her apartment for four years. The mother and child moved in with the maternal grandparents temporarily in early 2017 but had moved back to the apartment by the summer of 2017. In July, the mother broke her hip and was unable to parent the child effectively. The mother reported her family members were not appropriate to take custody of the child. She asked for services to help her care for the child and to make a plan in case she passed away.

---

[1] The father's parental rights were terminated pursuant to Iowa Code section 232.116(1)(b) and (e) (2019). He does not appeal.

The child was adjudicated in need of assistance (CINA) on October 6, 2017, pursuant to Iowa Code section 232.2(6)(c)(2) and (k) (2017). The mother requested a foster placement, and the child was removed on November 1 for placement with a foster family. The child was placed with a foster family and moved to another family at the end of March 2018 due to foster certification issues. The child was diagnosed with developmental and behavioral issues and attended speech and occupational therapy. During and immediately after visits with the mother, the child's behavior and communication often reverted to that of a much younger child. The child frequently exhibited escalated behaviors and tantrums at the end of visits. The foster family has provided a consistent, stable, and structured home environment, implementing behavioral development techniques to help the child.

Throughout the case, the mother would be late to or need to cancel or shorten multiple visits due to her health. The mother did not always obtain approval from DHS for other persons to be present at visitations. The mother's visits were extended during the summer when the child did not have pre-school, but shortened when school started. At some summer visits, the mother needed to be woken up by the foster parents when she did not answer the door for visitation. In December 2018, the mother was switched to supervised visitation after having her brother at the visit one week after being expressly told it was not permitted.

The mother continued on dialysis throughout the proceedings. She started with sixteen hours of peritoneal dialysis every day at home, and switched to four hours of hemodialysis at a clinic three times a week. She had multiple medical emergencies and hospitalizations, including a life-support hospitalization after two

missed treatments in late 2017. In addition to her kidney failure, she also suffers from depression, chronic pain, and a weak immune system. In August 2018, the mother began pursuing mental-health treatment but was not consistent in taking her prescribed medications. On February 13, 2019, the mother received a hip replacement. In February, she arranged for therapy for both herself and the child, as had been recommended by DHS for a year. The mother has indicated her health needs to improve before she can be a candidate for a kidney transplant.

The court held a termination hearing on March 25. The court heard testimony from the mother and her friend, the DHS worker, and the child's foster mother. Both the State and the guardian ad litem recognized the case was unique and the circumstances were largely out of the mother's control. Both also indicated the mother was not able to meet the child's needs such that the child could be safely transferred back to her care. On May 13, the court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2019).

The mother appeals.

## II.     Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (alteration in original) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III. Analysis

The court may order the termination of a parent's rights under Iowa Code section 232.116(1)(f) if it finds the child is at least four years old, has been adjudicated CINA, has been out of the parent's custody for at least one year, and clear and convincing evidence establishes the child cannot be returned to the parent's custody. The mother contests the final element, claiming the State did not show the child could not be returned to her care at the time of trial. In particular, the mother claims her health continues to improve, as shown by her reduced dialysis schedule and recent hip-replacement surgery.

The juvenile court found the mother's ongoing health issues, the effect those health problems have had on visitation throughout the case, and the higher level of care the child needs meant the child could not safely be returned to the mother's care. The mother's condition is chronic and severe. Missed treatments can result in her hospitalization and other serious health consequences. She is more susceptible to illness due to her weakened immune system. The dialysis treatments have significant side effects like fatigue and general ill health. The mother was struggling to keep up with her active child even before breaking her hip, and the concerns that initially led her to ask for help with the child have not abated. The evidence in the record shows the mother's physical limitations adversely affect her ability to parent a high-needs child with demanding behaviors on a full-time basis. We find the child could not be returned to the mother at the time of trial. The elements for termination under section 232.116(1)(f) were established.

The mother claims termination is not in the child's best interest and she is the best placement option for the child's long-term nurturing and growth. The mother acknowledges her physical impairment but claims she will still be able to meet the child's needs. The juvenile court found it is in the child's best interest to provide permanency with the foster family.

The child is an adoptable age, and the foster family has indicated it would like to adopt the child. The court acknowledged the bond between the mother and child. But in determining the best placement for the child, we consider long-term nurturing and growth, and the physical, mental, and emotional needs of the child. Iowa Code § 232.116(2); *see also In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The mother's health issues mean future hospitalizations are probable without a safety net of family whom the mother trusts to care for the child. We find the foster family is more able to consistently address the child's needs in light of the level of care mandated by the child's diagnosed developmental delays and behavioral issues. This child needs permanency, and has shown growth while in the foster family's care. We conclude termination of the mother's parental rights is in the child's best interest.

**AFFIRMED.**